**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO HERNANDEZ, | No. 10-72791 |
| Petitioner, | Agency No. A072-538-285 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Alejandro Hernandez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and review de novo due process claims.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Hernandez failed to raise, and therefore waived, any challenge to the BIA's denial of his motion to reopen based on ineffective assistance of counsel for failure to comply with the procedural requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in his or her opening brief).

Because Hernandez's ineffective assistance claim was not successful, the BIA did not abuse its discretion in denying the motion to reopen, construed as a motion based on new evidence, on the ground that Hernandez did not show that the psychological evaluation could not have been obtained and presented at the time of the merits hearing. *See* 8 C.F.R. § 1003.2(c) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). The BIA did not violate due process by not further considering Hernandez's hardship evidence after determining that it did not meet the threshold regulatory requirements for reopening. *See Lata v. INS*, 204

F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**